UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CHRISTINA HARRIS**                                    **CASE NO. 2:22-CV-05653**

**VERSUS**                                               **JUDGE JAMES D. CAIN, JR.**

**UNITED PROPERTY & CASUALTY**   **MAGISTRATE JUDGE KAY**
**INSURANCE CO**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 4] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendant United Property & Casualty Insurance Company ("UPC"). The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from damage to plaintiff's home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times, plaintiff alleges, her residence in Lake Charles, Louisiana, was insured under a homeowner's policy issued by UPC. Doc. 1, att. 2. Plaintiff further alleges that she submitted proof of loss after the storms, but that UPC failed to timely or adequately compensate her for her covered damages under the policy. *Id.* Accordingly, she filed suit against UPC in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on August 22, 2022, raising claims of breach of insurance contract, bad faith, and violation of the Louisiana Unfair Trade

Practices Act ("LUTPA"), Louisiana Revised Statute 51:1401 *et seq. Id.* UPC then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

UPC now brings this motion to dismiss plaintiff's LUTPA claim on the basis that no such right of action exists for the insured under Louisiana law. Doc. 4. Plaintiff's time for filing a response to the motion has passed and the court has received no response. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success

but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). LUTPA does not apply to "actions or transactions subject to the jurisdiction of the . . . insurance commissioner." La. Rev. Stat. § 51:1406(1). The Louisiana Insurance Code provides

> a detailed enforcement mechanism by which the Commissioner of Insurance is empowered to investigate allegations of unfair methods of competition or unfair or deceptive acts in the insurance business, to hold hearings, to issue cease and desist orders, to assess monetary penalties against violators, and to suspend or revoke the license of violators.

*Clausen v. Fid. & Deposit Co. of Md.*, 660 So.2d 83, 86 (La. Ct. App. 1st Cir. 1995). Multiple Louisiana courts have agreed that the Louisiana Insurance Code gives the commissioner the power to define what is an unfair trade practice in the insurance industry and thus bars any claim under LUTPA arising from an insurance context. *E.g.*, *Cougle v. Berkshire Life Ins. Co. of Am.*, 429 F.Supp.3d 208, 219 (E.D. La. 2019); *Crescent City Surg. Health Centre v. Cigna Health & Life Ins. Co.*, 2020 WL 1503534 (E.D. La. Mar. 30, 2020); *Taxicab Ins. Store, LLC v. Am. Serv. Ins. Co., Inc.*, 224 So.3d 451 (La. Ct. App. 4th Cir. 2017). Accordingly, plaintiff has no right of action against UPC under LUTPA and this claim must be dismissed.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 4] will be **GRANTED** and plaintiff's LUTPA claim will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 2nd day of November, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE